NIALL P. McCARTHY (SBN 160175)
nmccarthy@cpmlegal.com
ERIC J. BUESCHER (SBN 271323)
ebuescher@cpmlegal.com
KELSEY J. MOE (SBN 328815)
kmoe@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

*Attorneys for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT Of CALIFORNIA

| | |
|---|---|
| CRAIG CROSBY and CHRISTOPHER JOHNSON, on behalf of themselves and others similarly situated,<br><br>              Plaintiffs,<br><br>       v.<br><br>AMAZON.COM INC.,<br><br>           Defendant. | CASE NO. 2:20-cv-8003<br><br>**CLASS ACTION COMPLAINT:**<br><br>1.    Violation of California's False Advertising Law, California Business and Professions Code Section 17500 ("FAL")<br><br>2.    Violation of California Consumer Legal Remedies Act, California Civil Code Section 1750 ("CLRA")<br><br>3.    Violation of California's Unfair Competition Law, California Business and Professions Code Section 17200 ("UCL")<br><br>4.    (In the alternative) Violation of the Washington Consumer Protection Act, RCW Section 19.86.010<br><br>**<u>JURY TRIAL DEMANDED</u>** |

**CLASS ACTION COMPLAINT**

## TABLE OF CONTENTS

Page No.

I.      INTRODUCTION ........................................................................... 1

II.     JURISDICTION AND VENUE..................................................... 1

III.    PARTIES ........................................................................................ 2

        A.    Plaintiffs ............................................................................ 2

        B.    Defendant .......................................................................... 3

IV.     CLASS ACTION ALLEGATIONS.............................................. 3

V.      AMAZON'S TERMS OF USE AGREEMENT AND ARBITRATION
        CLAUSE......................................................................................... 5

VI.     AMAZON SELLS DANGEROUS LITHIUM ION 18650 BATTERIES BY
        MISREPRESENTING THE NATURE OF THE PRODUCTS .......... 8

        A.    Background on Lithium Ion 18650 Batteries............................. 9

        B.    Amazon Falsely Advertises and Markets 18650 Lithium Ion Batteries
              to Consumers.......................................................................... 14

        C.    Amazon Knows Energy Capacity And Battery Life Are Material To
              Consumers And Misrepresents The Quality And Capacity Of
              Fraudulent Lithium-Ion 18650 Batteries ...................................... 15

        D.    Amazon Knows The Batteries Are Not What They Are Claimed To
              Be In Its Advertisements And Product Descriptions ....................... 18

        E.    Fraudulent Lithium-Ion 18650 Batteries Have Led To Numerous
              Fires, Explosions, And Injuries.................................................. 23

        F.    Amazon Knows The Litium-Ion 18650 Batteries Are Dangerous And
              Fraudulent, Yet Continues To Sell, Advertise, And Market Them ........ 28

VII.    CAUSES OF ACTION.................................................................... 32

        FIRST CAUSE OF ACTION
        (Violation of California's False Advertising Law "FAL," California
        Business and Professions Code Section 17500, *et seq.*)
        (On behalf of Plaintiffs and the Class)......................................... 32

        SECOND CAUSE OF ACTION
        (Violation of California's Consumer Legal Remedies Act "CLRA,"
        Section 1750, *et seq.*)
        (On behalf of Plaintiffs and the Class)......................................... 34

        THIRD CAUSE OF ACTION
        (Violation of California's Unfair Competition Law "UCL," California
        Business and Professions Code Section 17200, *et seq.*)
        (On behalf of Plaintiffs and the Class)......................................... 38

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

FOURTH CAUSE OF ACTION
(Violation Of The Washington Consumer Protection Act,  RCW Section 19.86.010 *et seq*., Stated In The Alternative)  (In the Alternative)
(On behalf of Plaintiffs and the Class)......................................................41

VIII.   PRAYER FOR RELIEF .................................................................42

IX.     DEMAND FOR JURY TRIAL .......................................................44

## I.      INTRODUCTION

1.      Amazon deceives the public by falsely advertising, marketing, and selling defective, fraudulent, and often dangerous lithium-ion 18650 battery cells and products containing them.

2.      Lithium-ion 18650 batteries are marketed and sold by Amazon to be used in laptops, flashlights, cameras, lasers, measurement tools, children toys, battery packs, hoverboards, e-cigarettes and other consumer devices.

3.      Amazon makes numerous false representations about the characteristics of the batteries. Amazon misrepresents the energy capacity of lithium-ion 18650 batteries and safety features allegedly contained in the batteries. Amazon misrepresents the existence of protective circuits and voltage cutoffs. Amazon misrepresents and fails to adequately inform consumers of the overall defective, fraudulent, and dangerous nature of the batteries.

4.      Not only does Amazon unfairly, unlawfully, and deceptively hide the truth about lithium-ion 18650 batteries, but they also continue to sell, market, and advertise the batteries on their website despite knowledge that they are defective, fraudulent, and dangerous.

5.      Amazon's advertising, and information on its website, misled and induced the public into purchasing the fraudulent batteries and/or products containing them, by incorrectly leading the public to believe that the batteries had longer capacity or higher output than they did, and possessed safety features they did not.

## II.     JURISDICTION AND VENUE

6.      This Court has personal jurisdiction over Defendant because Amazon has continuous and systematic contacts with and conducts substantial business in the State of California, such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. Amazon has purposefully availed itself of the benefits of the California forum.

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

**CLASS ACTION COMPLAINT**                                                                1

7.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 (a)(1) and 1332 (c)(1) because this dispute involves citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

8.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) because all of the events and transactions giving rise to this action took place in the Central District of California. Venue is also proper in the Central District of California as Plaintiffs reside in this district and Defendant Amazon maintains a place of business in Camarillo, California.

## III.   PARTIES

### A.   Plaintiffs

9.     Plaintiff CRAIG CROSBY resides in Camarillo, California. During the Class period, Mr. Crosby purchased hundreds of fraudulent individual 18650 lithium-ion battery cells and dozens of products containing fraudulent 18650 lithium-ion battery cells from Amazon.com as the direct seller. Upon receipt of the products, Mr. Crosby determined Amazon had made misrepresentations about the products and the batteries.

10.    Plaintiff CHRIS JOHNSON resides in Woodland Hills, California. During the Class period, Mr. Johnson purchased fraudulent individual 18650 lithium-ion battery cells and products containing fraudulent 18650 lithium-ion battery cells from Amazon.com as the direct seller. Upon receipt of the products, Mr. Johnson determined Amazon had made misrepresentations about the products and the batteries.

11.    Absent award of the relief sought in this lawsuit, Plaintiffs Crosby and Johnson and the public will continue to suffer harm. Plaintiffs as well as the public generally in California continue to be at risk of future harm, as Amazon has refused to change its practices related to the sale of fraudulent lithium-ion 18650 batteries and continues to make false and misleading statements in connection with the sale of such

1    products. This continued violation of the law creates a risk of future and ongoing harm

2    to Plaintiffs and to the public.

3    **B.    Defendant**

4        12.    Defendant AMAZON.COM, INC. ("Amazon") is a Washington state

5    corporation organized and existing, on information and belief, under the laws of the

6    State of Delaware, with its principal place of business at 410 Terry Avenue, Seattle,

7    WA 98109.

8        13.    Amazon is responsible for the sale, marketing, and advertisement of the

9    lithium-ion 18650 batteries and products at issue in this case.

10   **IV.    CLASS ACTION ALLEGATIONS**

11       14.    Plaintiffs bring this class-action lawsuit on behalf of themselves and the

12   proposed members of the Class pursuant to Rule 23(b) of the Federal Rules of Civil

13   Procedure.

14       15.    This action has been brought and may properly be maintained as a class

15   action against Defendant Amazon because there is a well-defined community of

16   interest in the litigation and the proposed Class is easily ascertainable.

17       16.    Plaintiffs seek certification of the following Class:

18       "All persons in the state of California who purchased lithium-ion
         18650 batteries or products containing lithium-ion 18650 batteries
19       from Amazon within the applicable statute of limitations."

20       17.    ***Numerosity***. Plaintiffs do not know the exact number of Class members

21   but believe the Class comprises thousands of consumers in California. As such, the

22   Class is so numerous that joinder is impractical.

23       18.    ***Commonality and predominance.*** Each of the proposed Class members,

24   are similarly situated to Plaintiffs with regard to their rights as purchasers of lithium-

25   ion batteries from Amazon.

26       19.    There are common questions of law and fact that affect all Class

27   members. These questions predominate over questions that might affect individual

28   Class members. These common questions include, but are not limited to, the following:

A. Whether Amazon falsely advertised lithium-ion batteries to Plaintiffs;

B. Whether Amazon's representations to Plaintiffs regarding the fraudulent and dangerous nature of the batteries were objectively material;

C. Whether Amazon adequately disclosed and described to Plaintiffs the fraudulent and dangerous nature of the lithium-ion batteries and the risks associated with their use;

D. Whether Amazon's representations and descriptions of the lithium-ion batteries and the products containing them were deceptive;

E. Whether Amazon failed to disclose objectively material information to Plaintiffs regarding the lithium-ion batteries;

F. Whether Amazon's representations and omissions tend to deceive consumers;

G. Whether Amazon's conduct violated California state consumer protection laws;

H. Whether Plaintiffs and the Class incurred a loss of money or property within the meaning of the UCL due to Amazon's conduct;

I. Whether Plaintiffs, the Class and the general public are entitled to public injunctive relief due to Amazon's conduct.

20. *Typicality.* Plaintiffs' claims are typical of Class members' claims. Plaintiffs and Class members sustained injury as a direct result of Amazon's practice of selling, marketing and advertising fraudulent lithium-ion batteries. Thus, Plaintiffs are similarly situated to the other members of the Class and are adequate representatives of the Class.

21. *Adequacy.* Plaintiffs will fairly and adequately protect the Class members' interests. Plaintiffs and Class members have the same interests and Plaintiffs have attorneys who are competent and experienced in the prosecution of class actions and consumer protection cases.

**CLASS ACTION COMPLAINT**

22.   ***Superiority.*** A class action is the superior method for fairly and efficiently adjudicating this controversy for the following reasons:

    A.  The size of claims of the individual Class members are relatively small, and few, if any, Class members could afford to seek legal redress for the wrongs complained of;

    B.  Absent a class action, the Class members will likely not obtain redress of their injuries and Defendant will retain the proceeds from the violations of the laws cited herein;

    C.  This class action also provides the benefits of single adjudication and supervision by a single court; and

    D.  Plaintiffs are unaware of any unusual difficulties in managing this class action.

## V.   AMAZON'S TERMS OF USE AGREEMENT AND ARBITRATION CLAUSE

23.   Amazon's Terms of Use Agreement contains an arbitration provision ("Arbitration Clause") which states that any dispute or claim will be resolved by binding arbitration.

24.   The Arbitration Clause states that "Any dispute or claim relating in any way to your use of any Amazon Service, or to any products or services sold or distributed by Amazon or through Amazon.com will be resolved by binding arbitration, rather than in court…"

25.   The Arbitration Clause contains a choice of law provision: "By using any Amazon Service, you agree that the Federal Arbitration Act, applicable federal law, and the laws of the state of Washington, without regard to principles of conflict of laws, will govern these Conditions of Use and any dispute of any sort that might arise between you and Amazon."

/ / /

/ / /

26.     The Arbitration Clause contains a class action ban: "any dispute resolution proceedings will be conducted only on an individual basis and not in a class, consolidated or representative action."

27.     To initiate arbitration, a letter must be sent requesting arbitration and describing the claim to Amazon's registered agent Corporation Service Company, 300 Deschutes Way SW, Suite 304, Tumwater, WA 98501.

28.     On March 26, 2019, Plaintiff Craig Crosby served Amazon's legal department with a Notice to Cure letter via certified mail. Mr. Crosby notified Amazon of fraudulent, defective, and dangerous lithium-ion batteries sold by Amazon on their website. Mr. Crosby explained in detail Amazon's scheme to profit from the sale of these fraudulent 18650 lithium-ion batteries. He described violations of the Consumer Legal Remedies Act, which continue to occur via sales on Amazon.com. Further, the letter notified Amazon of the misleading, fraudulent, and deceptive promises, and commitments made by the company regarding the fraudulent batteries, and how these misleading statements threaten the health and safety of consumers.

29.     Mr. Crosby notified Amazon they had thirty days from the letter to correct, repair, or otherwise rectify the violations. Mr. Crosby requested, among other things, that Amazon terminate all listings and cease the sale and marketing of lithium-ion 18650 with a stated individual cell capacity of 4000 mAh or more. Amazon ignored Mr. Crosby's Notice to Cure letter.

30.     On January 21, 2020, Casselman Law group, representing Mr. Crosby at the time, sent a letter requesting the arbitration of his claims set forth in his Notice to Cure letter. The letter was sent via certified mail to Amazon's registered agent Corporation Service Company, 300 Deschutes Way SW, Suite 304, Tumwater, WA 98501. On February 14, 2020 corporate counsel for Amazon responded that they had received Mr. Crosby's January 21, 2020 letter and would review. However, Mr. Crosby has yet to receive a response to his request for arbitration.

/ / /

31.     On August 13, 2019, Plaintiff Chris Johnson served on Amazon a Notice to Remedy and Cure their violations of California law via certified mail. Mr. Johnson described in detail more than twenty-five specific products, deceptively advertised and sold by Amazon, each of which contained fraudulent lithium-ion 18650 batteries. He described how the lithium-ion 18650 batteries and products containing them, not only fail to perform as advertised, but also pose a high risk of property damage, pain, injury, disfigurement and/or death to consumers, facts well-known by Amazon.

32.     Mr. Johnson notified Amazon they had thirty days from the letter to rectify the violations and provide an acceptable remedy or cure. Mr. Johnson requested, among other things, that Amazon cease and desist from making false and fraudulent statements regarding lithium-ion 18650 batteries. Despite proof of delivery of his Notice to Remedy and Cure, Amazon never responded to Mr. Johnson's letter, nor did they stop selling fraudulent lithium-ion 18650 batteries.

33.     The Arbitration Clause is unenforceable as to the claims contained in Plaintiffs' Complaint and does not prohibit the Class members from receiving the relief sought and owed.

34.     Plaintiffs bring claims under the California Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*; unfair competition law, Cal. Bus. & Prof. Code § 17500, *et seq.*; and false advertising law, Cal. Bus. & Prof. Code § 17500, *et seq*.

35.     Amazon's Arbitration Clause is unenforceable as to Plaintiffs' claims because Plaintiffs and Class members seek class-wide public injunctive relief under these statutes.

36.     Pre-dispute arbitration provisions aimed at public injunctive relief that result in barring certain statutory claims for such relief are unenforceable. This applies to relief sought under California CLRA, UCL, and false advertising law.

37.     By stating that "any dispute resolution proceedings will be conducted only on an individual basis and not in a class, consolidated or representative action," Amazon's Arbitration Clause prohibits Plaintiffs and Class members from pursuing

1  public injunction relief under the CLRA, UCL and false advertising law. It therefore

2  violates California public policy set forth in Civil Code § 3513 and *McGill v. Citibank,*

3  *N.A.*, 2 Cal.5th 945 (2017).

4       38.    The Arbitration Clause is unenforceable because it bars the pursuit of

5  class claims and public injunctive relief and denies Plaintiffs the ability to assert public

6  injunctive relief in any forum.

7  **VI.    AMAGON SELLS DANGEROUS LITHIUM ION 18650 BATTERIES BY**

8       **MISREPRESENTING THE NATURE OF THE PRODUCTS**

9       39.    Amazon is engaged in a wide-ranging scheme to sell and profit from the

10  sale of fraudulent, dangerous, and defective lithium-ion 18650 batteries and products

11  containing them.

12       40.    The volume of Amazon's sales and shipments of the fraudulent and

13  defective batteries to consumers in the United States and worldwide is substantial and

14  continues to grow.

15       41.    Amazon benefits from the sale of fraudulent batteries and induces

16  consumers to purchase the batteries due to less expensive price points and claimed

17  higher capacity and/or safety features.

18       42.    Amazon's false claims regarding the fraudulent batteries violate numerous

19  California laws.

20       43.    Plaintiffs and the general public have been, and continue to be, exposed to

21  false information regarding the quality and dangerous nature of lithium-ion 18650

22  batteries sold by Amazon.

23       44.    The experiences of Plaintiffs are typical of other California consumers,

24  who for years have been victims of Amazon's fraudulent scheme regarding the

25  batteries and/or the products containing them.

26       45.    Consumers would not have purchased the batteries from Amazon, but for

27  the misleading and deceptive information put forward regarding their alleged quality,

28  capacity, and/or safety features.

46.     Plaintiffs seek public injunctive relief on behalf of millions of other California consumers. If successful, the lawsuit will benefit millions of consumers as Amazon sells, markets, and advertises lithium-ion 18650 batteries throughout the United States and worldwide.

**A.     Background on Lithium Ion 18650 Batteries**

47.     The majority of 18650 lithium-ion batteries Amazon sells, markets, and advertises are defective, fraudulent, and dangerous lithium-ion 18650 batteries throughout the United States and worldwide.

48.     Over the past few years, the use of the lithium-ion 18650 batteries has transitioned from primarily commercial applications to include substantial consumer and residential use. The batteries are used in laptops, flashlights, cameras, lasers, measurement tools, children toys, battery packs, hoverboards, e-cigarettes, and other consumer devices.

49.     A "battery" is a generic term for an electrochemical source of electricity, which stores energy in a chemically bound form, and can convert this directly into electric power. A battery may be either a single cell or multiple cells connected in either series or parallel configurations.[1]

50.     The expression "lithium batteries" is a generic name for battery technologies in which lithium ions play a part in the primary electrochemical discharge and charge reactions. Lithium batteries are available both as primary batteries (disposable batteries) and secondary batteries (rechargeable batteries).[2]

51.     Individual 18650 cells are often incorrectly referred to as "batteries." A cell is an individual unit of power, and a battery is a collection of cells. "18650" is a

_____

[1] In Compliance Magazine, T*he Future of Battery Technologies: A General Overview & Focus on Lithium Ion*, (March 1, 2012), https://incompliancemag.com/the-future-of-battery-technologies-a-general-overview-a-focus-on-lithium-ion/

[2] In Compliance Magazine, *The Future of Battery Technologies: A General Overview & Focus on Lithium Ion*, (March 1, 2012), https://incompliancemag.com/the-future-of-battery-technologies-a-general-overview-a-focus-on-lithium-ion/

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

concatenation of the cell size, meaning 18mm x 65mm with a 0 on the end. 18650 cells are lithium-ion cells or a lithium-ion polymer ("LiPO") cell containing a polymer electrolyte.

52.     For the purpose of this complaint, the terms "battery," "batteries," or "lithium-ion 18650 battery," are used to refer to the18650 lithium-ion cells at issue.

53.     There are many differences between an authentic lithium-ion 18650 battery and a fraudulent one. A fraudulent lithium-ion battery can cause damage to personal property, as well as physical injury. Amazon sells numerous fraudulent lithium-ion 18650 batteries on their website, including these UltraFire batteries pictured below with inflated capacities and lacking the claimed protection circuit.

 

54.     Amazon lists the energy capacity of the battery being sold in milli-amp hours (mAh).

55.     Virtually all lithium-ion cells have a rated capacity measured in milliamp-hours (mAh) or amp-hours (Ah). The higher the mAh capacity, the longer the battery will discharge power in the same device.

56.     The capacity of authentic lithium-ion 18650 batteries sold by legitimate manufacturers have capacities under 3800 mAh. It is commercially known that legitimate individual lithium-ion 18650 batteries are limited to capacities under 3800 mAh, and Amazon is aware of this fact. The space inside the case of every authentic lithium-ion 18650 battery is the same. Cell capacity is limited by the thickness and density of the cathode and anode, and the electrolyte that can fit in the case, in addition to electrode resistance and device requirements for efficient discharge.

57.     Each battery also has a voltage. The nominal voltage for a single 18650 lithium-ion cell is 3.7 volts.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

58.     When several cells are arranged together in a single battery, either the voltage or the mAh of the battery can be modified for user requirements. When the cells are arranged in a "series," the voltage increases with each additional cell, but the total mAh remains constant, capped at the capacity of an individual cell. In mixed capacity cell configurations, the lowest capacity cell will run out of energy first.



59.     When the cells are combined in "parallel," the mAh (capacity) increases, but the voltage remains constant at the nominal voltage during discharge, approximately 3.7V:

60.     Practically, this means the highest powered legitimate commercially available 3600 mAh 18650 lithium ion singe cell can provide 3.6 amps (or 3,600 mAh) at 3.7V for up to one hour. When arranged in a series, the voltage is a sum of the cells, the current is shared. When arranged in parallel, current is a sum of each cell's capacity at the nominal voltage of a single cell in the circuit.

/ / /

61.     Legitimate rechargeable batteries, especially those arranged in series or in parallel, possess internal safety measures to minimize the risks inherent in lithium ion batteries generally, and maximizing the life of the battery. These safety measures include automatic shut off switches for batteries at both maximum and minimum charge. These measures reduce the risks of malfunction, including of fire and explosion while charging, discharging, or in the event of a short circuit.

62.     Fraudulent rechargeable batteries do not possess proper, adequate, or often any safety measures that are standard in legitimate products. The absence of these measures makes the products dangerous to consumers and the public. Such products have and continue to cause harm to Californians and Amazon customers around the world.

63.     Amazon is aware of the safety hazard fraudulent batteries pose to the public and to its customers. Despite Amazon's claims that safety is its highest priority, it ignores the risks of fraudulent batteries, choosing instead to keep listed, re-list, and to deliberately select and use photos to attempt to obscure the fraudulent nature of the products it sells. Amazon acts knowingly and with full knowledge of the harm and risks it creates by selling and promoting fraudulent and dangerous batteries.

64.     One of the ways Amazon dupes its consumers and continues to promote and sell fraudulent and dangerous batteries is through its use of an Amazon Standard Identification Number, or ASIN. Each product sold on Amazon.com is assigned an ASIN. These are unique numbers, even where the same company is making and selling the same product.

65.     If a certain seller or product has too many negative reviews, the product will be removed from the Amazon. However, the identical product can be put back up on Amazon without any check or quality control being conducted by Amazon. And when the same product is listed with a different ASIN, the prior reviews of the product (good and bad) may be removed and disappear, meaning the purchaser of the current ASIN version of the product will not be able to identify prior negative reviews of the

1  same product, despite Amazon having this information available. Amazon also has

2  removed or blocked negative reviews.

3       66.    Lithium-ion 18650 batteries 3800 mAh and above are fraudulent.

4  Fraudulent batteries below 3800 mAh may also only have a fraction of their claimed

5  capacity.

6       67.    An example of an authentic lithium-ion 18650 battery is the Panasonic

7  NCR18650BF industrial lithium ion battery. The capacity is 3350 mAh - the highest

8  capacity in Panasonic's product line.[3]  (See photo below.)

9

10

11

12

13

14       68.    Another example of an authentic lithium-ion 18650 battery is this Tenergy

15  3.7V 2600 mAh Lithium-Ion 18650 Flat Top Rechargeable Battery (MH48285), which

16  is UL Certified.[4] (See photo below.)

17

18

19

20

21

22  / / /

23  / / /

24  / / /

25

26  _____

    [3] The Counterfeit Report, *How to identify counterfeit Lithium Ion 18650 Batteries*,
27  (Edited May 31, 2020)

    [4] The Counterfeit Report, *How to identify counterfeit Lithium Ion 18650 Batteries*,
28  (Edited: May 31, 2020)

**B.      Amazon Falsely Advertises and Markets 18650 Lithium Ion Batteries to Consumers**

69.     Despite knowing that lithium-ion batteries have a maximum capacity of under 3800 mAh, Amazon lists lithium-ion 18650 batteries for sale with capacities ranging from 3800 mAh to 12000 mAh.

70.     A search of Amazon.com reveals thousands of fraudulent lithium-ion 18650 batteries for sale. For example, Amazon markets, sells, and advertises the following:



71.     These fraudulent lithium-ion 18650 batteries pictured above have a claimed capacity of 9800mAh. When tested their capacity was only 800 mAh-1100 mAh.[5]

72.     Plaintiffs have collected data on some of the fraudulent lithium-ion 18650 batteries and products containing the batteries purchased on Amazon in the last three years. From January 1, 2017 to August 1, 2020, data revealed that 72,987 fraudulent lithium-ion 18650 batteries and products with the batteries were reported sold by Amazon, from a total of 153,013 fraudulent products identified.[6] Plaintiff Craig Crosby and Plaintiff Chris Johnson both purchased fraudulent batteries. This data represents a fraction of the lithium-ion 18650 batteries sold by Amazon.

---

[5] The Counterfeit Report, Craig Crosby, *How to identify counterfeit Lithium Ion 18650 Batteries*, (Edited: May 31, 2020)

[6] The Counterfeit Report, Craig Crosby, Data and Analytics Collected for Lithium Ion 18650 Batteries Purchases

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

**C.      Amazon Knows Energy Capacity And Battery Life Are Material To Consumers And Misrepresents The Quality And Capacity Of Fraudulent Lithium-Ion 18650 Batteries**

73.      Amazon sells, markets, and advertises fraudulent batteries. Amazon does not adequately inform consumers of fraudulent, defective, and dangerous batteries for sale on their website.

74.      Amazon's affirmative statements regarding alleged battery capacity, lower price points, and safety features misled Plaintiffs and the public into purchasing batteries that were fraudulent defective, and dangerous.

75.      The energy capacity of a battery is one of the most important characteristics a consumer looks at to decide which battery to purchase.

76.      The stated capacity of 3800 mAh or above is an immediate indicator of a fraudulent lithium-ion 18650 battery. Authentic lithium-ion 18650 batteries from legitimate manufacturers have capacities under 3800 mAh.[7]

77.      Amazon offers and sells lithium-ion 18650 batteries with false and exorbitant capacity claims that do not perform to their alleged capacity and pose a risk of serious injury.

78.      Lithium-ion 18650 batteries sold by Amazon are often listed with capacities of 9800 mAh or higher, more than double the capacity of any authentic 18650 lithium-ion battery produced by a legitimate manufacturer.

79.      Fraudulent and defective lithium-ion 18650 batteries sold by Amazon have routinely been found to test at only a fraction of their advertised capacity.

80.      The makers of fraudulent batteries, like those sold by Amazon, understand that if they advertise a higher capacity on battery labels, they can sell those batteries at a higher price point.

_____

[7]   The Counterfeit Report, Craig Crosby, *How to identify counterfeit Lithium Ion 18650 Batteries*, (Edited: May 31, 2020)

81.     Consumers gravitate to the higher capacity batteries incorrectly believing that they have the longest use. Unfortunately, many of these claims are unsubstantiated, misleading, and/or completely fraudulent.

82.     Lower price tags for higher capacity lithium-ion 18650 batteries induce consumers to purchase fraudulent batteries because of their exaggerated capacity claims and reduced prices.

83.     Plaintiff Chris Johnson purchased a product sold by Amazon containing fraudulent batteries, the "Rextin 18650 BRC Protected Rechargeable Lithium Battery (Pair) 3.7V 4200mAh+ Double 18650 Lithium Battery Charger." (See photo below.) The product listing states that the batteries have features and characteristics of authentic lithium-ion 18650 batteries and energy capacities of 4200 mAh. The listing and battery label are false. Despite this falsity, the product bears the "Amazon's Choice" endorsement.



84.     The advertised capacity of the pictured batteries is 4200 mAh. However, when tested the capacity was only 1615 mAh, just a fraction of the alleged capacity. Amazon also falsely claims that the batteries contain the safety feature "BRC protection circuit." This battery does not contain the stated BRC safety measure. BRC is a technique that can be used to control charging.

1

2

3

4

5

6



7   85.   Another example of fraudulent lithium-ion batteries sold by Amazon and

8   purchased by Mr. Johnson are lithium-ion 18650 batteries sold on Amazon.com for

9   just $2.75 each. The batteries allege exaggerated capacity claims of 9900 mAh.

10

11

12

13

14

15    

16

17

18

19

20

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

86.    The following batteries "8PCS 3.7V Li-ion Rechargeable 18650 Battery for Handheld Flashlights(NOT AA or AAA)" also sold by Amazon.com Services, Inc. are also fraudulent and defective. (See photos below.)

 



87.    The batteries pictured are advertised as 5800 mAh capacity. However, the label lists the capacity as only 3000 mAh. When tested the capacity was only 1276 mAh. Amazon also falsely claims that the batteries contain the safety feature "BRC protection circuit," when they do not.

**D.    Amazon Knows The Batteries Are Not What They Are Claimed To Be In Its Advertisements And Product Descriptions**

88.    There are numerous one-star negative reviews for these batteries. Amazon customer Ford Mersereau stated on February 5, 2018: "False advertisement and

description. This item was not described right and they are they size that is described!!!

I want to return these and get my money back!!!!!! They are not the right size

advertised and they are too big for what I need. This is false advertisement and I want

my money back!!!!

89.      Another fraudulent product sold by Amazon and purchased by Mr.

Johnson is, "Titop 2016 4000lm Aluminum E17 Cree Xm-l T6 LED Torches

Zoomable LED Flashlight Accessories Torch Lamp S3 for 3xaaa or 18650 Batter With

Battery." (See photos below.)







90.      Amazon makes numerous false claims about the product, including that

the battery has a capacity of 5000 mAh, when it tested at only 355 mAh. The batteries

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

also fail to include safety features like the "MSDS quality report" (material safety data sheet showing properties and safety tests for 18650 battery.). Amazon also falsely claims that the flashlight provides 4000 Lumen LED bulbs with a lifespan of up to 100,000 hours.

91.    In January and February 2019, Plaintiff Craig Crosby purchased four products from Amazon containing fraudulent lithium-ion 18650 batteries. He conducted energy tests of the batteries and determined that Amazon misrepresented the capacity of *all* the batteries. Amazon also made several other misrepresentations, including that the products contained authentic CREE LEDs, were waterproof, or contained protection circuits, and voltage cutoffs. (See chart below)

| Product Purchased by Craig Crosby | Purchase Date | Price | Advertised Capacity | Other False Statements/Indicators | Actual Capacity |
|---|---|---|---|---|---|
| HeCloud 4 x 3.7V Li-ion 6000mAh 18650 Battery Rechargeable Batteries with 2c Dual Charger for Outdoor LED Flashlight | January 14, 2019 | Amazon Direct Seller: $12.08 before tax and shipping | Four 18650 lithium-ion rechargeable batteries with 6000mAh capacity | Claimed "Environmentally friendly"<br><br>Spelling and grammar errors on the Garberiel branded batteries<br><br>Weight less than typical authentic 18650 battery | All four batteries tested at 1307mAh capacity or less - 21% of their published capacity |
| Led Headlamp, AstaaCity Brightest 8000 Lumen Flashlight, Rechargeable 18650 Headlight Flashlights Waterproof Hard Hat Light, Best Head Lights for Camping Running Hiking | January 14, 2019 | Amazon Direct Seller: $19.07 before tax and shipping | Two rechargeable 18650 lithium-ion batteries with 9800mAh capacity | Classified product as "Used: Like New"<br><br>Spelling and grammar errors on the GTF branded batteries<br><br>Weight less than typical authentic 18650 battery<br><br>Box claims product contains CREE LEDs: 1 CREE T6 + 2 CREE T6 (CREE LEDs clearly fake) | The two batteries tested at 1213mAh and 1135mAh capacity – 12% of their published capacity |
| 8PCS 3.7V Li-ion Rechargeable 18650 Battery for Handheld Flashlights(NOT AA or AAA) | January 19, 2019 | Amazon Direct Seller: $14.73 before tax and shipping | Eight 18650 lithium-ion batteries with 5000mAh capacity | Instead of product listed- received incorrect UltraFire batteries labeled as 3000mAh | Four of the eight batteries tested at capacity of 1204mAh or less – about |

| | | | | Weight less than typical authentic 18650 battery | 60% less than published capacity |
|---|---|---|---|---|---|
| Brightest and Best LED Headlamp 10000 Lumen flashlight-IMPROVED LED, Rechargeable 18650 headlight flashlights Waterproof Hard Hat Light, Bright Head Lights, Running or Camping headlamps | February 1, 2019 | Amazon Direct Seller: $18.65 before tax and shipping | Two 18650 lithium-ion rechargeable batteries with 5000mAh capacity | Classified as "Used: Like New" and "BRIGHTEST headlamp you have ever used!"<br><br>Claim: "Environmental Friendly (sic)" and "Short-circuit and overcurrent,Protection (sic)"<br><br>Spelling and grammar errors on the batteries<br><br>Weight less than typical authentic 18650 battery<br><br>Box claims product contains CREE LEDs: 1 CREE T6 (white light) + 1 CREE XPE (blue light) (CREE LEDs clearly fake) | Two batteries tested at 480 mAh and 591 mAh – 11% or less of their published capacity. |

92.    From January to June 2019, Plaintiff Chris Johnson purchased twenty-five products from Amazon containing fraudulent lithium-ion 18650 batteries. Upon receipt of the products. Mr. Johnson discovered that Amazon had made numerous false and fraudulent statements regarding the products.

93.    Plaintiffs' experiences are not isolated incidents. Rather, many other Amazon customers have purchased fraudulent batteries or products containing fraudulent batteries from Amazon.com.

94.    For example, Amazon sold on their website a "Waterproof 12000 Lumen 5 Led Headlamp XML t6=4QS Head Lamp Powerful Led Headlight, 18650 Rechargeable Batteries, Car Charger, Wall Charger and USB Cable." Amazon advertised that the headlamp came with two 18650 lithium-ion batteries, with a claimed capacity of 5000 mAh per battery. Despite this, 24% of the 325 reviews for the product were negative and left one-star reviews.

95.     Amazon customer ILPAPPAS, left a one-star review for the product on September 14, 2018: "Hazardous and defective product. This is a defective product. It does not work and creates a safety hazard. I had it on the floor of my back seat of our car and got on fire! This is fire hazardous product and should be pulled of the market till they fix the problem."

96.     On July 1, 2018, Amazon customer Mike B. also left a 1-star review for the product: "Batteries run dead to fast like 30 mins. Batteries maybe rechargeable but they died way too quick."

97.     As of August 28, 2020, Amazon was still listing thousands of the dangerous and falsely advertised batteries on its site, including those that Amazon knows pose safety risks.  For example, the following product is available for sale by Amazon: LED Headlamp 20000 Lumen flashlight - Rechargeable 18650 headlight (*see* https://www.amazon.com/flashlight-Rechargeable-headlight-flashlights-Waterproof/dp/B07Y6KF9BM?th=1, last visited August 28, 2020). Amazon lists the describes the product as having 5000 mAh and 4.2V. Neither is true.

-Lamp base: CREE, high power T6 LED. With a lifespan of up to 100,000 hours or more, no need to consider replacing the cap for the whole life.
-Waterproof switch and charge design.(Waterproof for rainy day not for in water,thanks for your kindly understanding) Adjustable headband.
-4 Modes: 1 light/2 light/3 light/strobe, you can choose the suitable light.
-Power by: 2 x 18650 battery (included).
-Battery Type: 18650 rechargeable battery
-Capacity: 5000mAh
-Voltage: 4.2V
-Indicator light: Red light (charging), Green light (charging finished)

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

98.     And the product is for sale despite Amazon knowing it is a safety hazard. On July 26, 2020, Amazon use Laura Dolci posted the following review and photo of the product:




★☆☆☆☆ I've never had this happen before and I'm scared to use another one.
By laura dolci on Jul 26, 2020
I bought this in May 2 months ago. I just used it and it was dim so I put it on the charger. This thing exploded 20 minutes later 1 battery has blew into thousands of pieces. I glad it didn't catch my home on Fire. I more grateful this didn't happen while I was wearing it.

Images in this review

99.     The headlamp and rechargeable batteries exploded and nearly started a fire. Fortunately, Ms. Dolci does not appear to have been significantly injured, though that appears to be a function of luck, not any actions or safety measures taken by Amazon. Relief in this action is necessary in order to prevent Amazon from continuing its ongoing practice of selling mislabeled, falsely described, and dangerous products to the public.

E.     **Fraudulent Lithium-Ion 18650 Batteries Have Led To Numerous Fires, Explosions, And Injuries**

100.    The capacity claims of these batteries are not only exaggerated and fraudulent, but consumers also risk purchasing a battery that could cause fire, explosion, serious injury, or even death.

101.    Amazon sells, markets and advertises fraudulent lithium-ion 18650 batteries accompanied with misleading and dangerous claims of safety protections, including but not limited to, "short-circuit protection," "overcharge and under-charge

protection," "high and low voltage cutoff," "venting," and "new" in the product listing, and/or on the individual item and accompanying chargers. These claims of protection are deceptive, false, and misleading.  Absent any or all of these protective features, 18650 batteries pose substantial risk of explosion, fire and death.

102.    When Plaintiff Craig Crosby purchased four products from Amazon.com containing fraudulent lithium-ion 18650 batteries, he also determined that Amazon misrepresented safety characteristics of the batteries. Amazon falsely represented that the batteries possessed "short-circuit and over current protection" and "short circuit, over charge and discharge protection." However, tests conducted by Mr. Crosby revealed the batteries did not contain *any* of the safety features advertised.

103.    Without these safety protective features, lithium-ion 18650 batteries pose a much higher risk of causing explosion, fire, serious injury, or even death to consumers.

104.    Fraudulent and defective lithium-ion 18650 batteries have been identified as the cause in a number of fires, injuries, and deaths.

105.    The Federal Aviation Administration has reported hundreds of incidents of smoke, fire, extreme heat, or explosions involving lithium-ion or unknown batteries in flight cargo or passenger baggage.[8]

106.    As of January 22, 2020, 268 air and airport incidents involving lithium-ion batteries carried as cargo or baggage have been recorded since January 23, 2006.[9]

107.    A large number of lithium-ion-battery incidents go unreported and no one agency is responsible for tracking them. However, the U.S. Fire Administration

---

[8] The Atlantic, Alana Semuels, *When Your Amazon Purchase Explodes, Shoddily made lithium-ion batteries can cause serious injury and even death. How do they keep ending up in consumers' hands?* (April 30, 2019)

[9] FAA Office of Security and Hazardous Materials Safety, *EVENTS WITH SMOKE, FIRE, EXTREME HEAT OR EXPLOSION INVOLVING LITHIUM BATTERIES*, updated August 2, 2020, available at https://www.faa.gov/hazmat/resources/lithium_batteries/media/Battery_incident_chart.pdf (last accessed August 29, 2020).

declared the batteries the "root cause" of at least 195 separate fires and explosions from 2009 to 2017.[10]

108.   Additionally, there were forty-nine recalls of high-energy-density batteries from 2012 to 2017, according to the Consumer Product Safety Commission, concerning more than four million devices, including mobile phones, scooters, power tools, and laptops.[11]

109.   As of 2017, the U.S. Consumer Product Safety Commission has announced numerous recalls of self-balancing scooters and hoverboards in the United States due to lithium-ion battery packs in the self-balancing scooters/hoverboards catching fire, destroying bedrooms and even entire homes, resulting in millions of dollars in property damage.[12]

110.   On February 22, 2018, the U.S. Consumer Product Safety Commission notified a variety of manufacturers, importers, distributors and retailers, including Amazon, of the reports from forty-four states regarding 283 fires or overheating of lithium-ion power hoverboards, resulting in  fifteen burn injuries, seven smoke inhalation injuries, and more than nine million dollars in property damage, including the destruction of six homes and two automobiles.[13]

111.   On March 13, 2018, Amazon recalled 260,000 lithium-ion powered AmazonBasics Portable Power Banks, based upon fifty-three reports of overheating

---

[10] The Atlantic, Alana Semuels, *When Your Amazon Purchase Explodes, Shoddily made lithium-ion batteries can cause serious injury and even death. How do they keep ending up in consumers' hands?* (April 30, 2019).

[11] US Consumer Product Safety Commission, Douglas Lee Division of Electrical Engineering and Fire Sciences Directorate for Engineering Sciences, *Status Report on High Energy Density Batteries Project* (Feb. 12, 2018).

[12] US Consumer Product Safety Commission, Recall List, https://www.cpsc.gov/Recalls

[13] US Consumer Product Safety Commission Robert S. Kaye Letter, https://www.cpsc.gov/s3fs-public/Hoverboard-Letter_Kaye_signed_2.22.18.pdf (Feb. 22, 2018)

1   and four reports of property damage, including fire and smoke damage.[14]

2   AmazonBasics is a brand owned and sold exclusively by Amazon.

3       112.   On August 10, 2018, Amazon notified Amazon sellers via internal email

4   and notifications with Amazon SellerCentral that listings for cylindrical lithium-ion

5   batteries, in sizes 14500, 16340, 18650, 20700, 21700 and 26650 would be removed

6   from Amazon, and sellers would no longer be able to sell them. By August 9, 2018

7   Amazon had also placed 18650 cylindrical lithium-ion batteries on its list of prohibited

8   listings.

9       113.   Fraudulent and defective lithium-ion batteries contained in vape pens and

10  e-cigarettes have also lead to numerous consumer injuries. A number of these incidents

11  were caused by batteries purchased from Amazon.

12      114.   For example, in 2016, Nicholas Jones from New York purchased lithium-

13  ion 18650 batteries from Amazon. Nicholas Jones bought a HP replacement battery on

14  Amazon for around $15. A few days later, he heard a gun like sound and the lithium-

15  ion battery in his laptop began to burn him and then set his sofa on fire. Nicholas Jones

16  suffered a first-degree chemical burn from the battery, and his computer and floors

17  were also destroyed by the fire.

18      115.   Kyle Melon also purchased lithium-ion 18650 batteries for his electronic

19  cigarette from Amazon on April 3, 2016. On May 14, 2017, Kyle Melone had the two

20  batteries stored in his right pocket when the batteries exploded, setting his shorts and

21  legs on fire. He suffered serious injury as a result and was in the intensive care unit for

22  3 days.

23      116.   In 2016, David Jarrett suffered first, second, and third degree burns after a

24  portable phone containing lithium-ion batteries purchased from Amazon combusted in

25  his pocket.

26  _____

27  [14] US Consumer Product Safety Commission, "Amazon Recalls Portable Power Banks Due to Fire and Chemical Burn Hazards (Recall Alert),"
    https://www.cpsc.gov/Recalls/2018/amazon-recalls-portable-power-banks-due-to-fire-

28  and-chemical-burn-hazards-recall-alert (March 13, 2018)

117.   Dane Meyer also purchased a lithium-ion 18V 4000mAh 72Wh Snap On Battery from Amazon. On May 3, 2019, the battery started a fire at his house. His garage was destroyed, as a well as other personal property, causing damage in excess of $75,000.

118.   More recently, a Virgin Atlantic flight from JFK Airport to Heathrow was diverted on July 4, 2019, due to a fire in a passenger seatback pocket. A preliminary investigation of the fire revealed that a lithium-ion rechargeable smartphone charger lead to the seatback fire.

119.   On July 25, 2019 in Jackson Hole, Wyoming a headlamp containing lithium-ion batteries caught fire while it was charging on the front seat of a pickup truck. The lithium-ion headlamp caught fire and exploded, destroying the truck, an adjacent RV, and igniting a small grass fire nearby.

120.   Additionally, on July 29, 2019 in Redding, California an overcharged lithium-ion battery was left on a garage bench and caused $200,000 worth of property damage to the home and garage.

121.   Despite knowledge of the dangers of lithium-ion 18650 batteries, Amazon continues to permit and even encourage the sale the batteries.

122.   Amazon has asserted for many years that it maintains a Product Safety Team, otherwise known as Hazardous Materials, HazMat or Dangerous Products Team. The Team is in charge of monitoring and investigating product safety problems. In 2015, Amazon's Product Safety Team investigated fires and explosions linked to rechargeable lithium ion batteries contained in hoverboards. As a result, the Product Safety Team elected to remove all hoverboard listings from Amazon.com and sent email alerts to consumers that had purchased the hoverboards. Yet, the email alert failed to mention to consumers the risk of fire or explosion associated with the lithium-ion batteries, or the fact that Amazon had removed all hoverboard listings from their website.

/ / /

123.   Consumers are spending money on fraudulent and defective batteries in which the capacity of the batteries has been grossly overstated, and the dangers understated. The batteries are not covered by warranty and present significant safety issues to consumers.

124.   The claims made by Amazon regarding the lithium-ion 18650 batteries and products containing the batteries are completely untrustworthy, fraudulent, and misleading.

125.   Plaintiffs and the general public cannot spot a defective or fraudulent 18650 lithium-ion battery from an authentic one. As a result, the lives of Plaintiffs and the general public are in danger.

**F.    Amazon Knows The Litium-Ion 18650 Batteries Are Dangerous And Fraudulent, Yet Continues To Sell, Advertise, And Market Them**

126.   Amazon has participated in an intentional scheme to deceive and mislead Plaintiffs and consumers, knowing full well that 18650 lithium-ion batteries with a capacity of 3800 mAh or higher, and even some with capacities under 3800 mAh are fraudulent, defective, and dangerous.

127.   Amazon is well aware that the lithium-ion batteries sold, marketed, and advertised on Amazon.com are fraudulent, defective, and dangerous. Despite actual and constructive knowledge of the dangers posed by the fraudulent batteries, Amazon continues to sell and promote them.

128.   On March 26, 2019, Plaintiff Craig Crosby sent a Notice to Cure letter to Amazon's legal department via certified mail. Mr. Crosby notified Amazon of fraudulent, defective, and dangerous lithium-ion batteries sold by Amazon on their website. Mr. Crosby explained in detail Amazon's scheme to profit from the sale of these fraudulent lithium-ion 18650 batteries. He described violations of the Consumer Legal Remedies Act, which continue to occur via sales on Amazon.com. Further, the letter notified Amazon of the misleading, fraudulent, and deceptive promises, and

1  commitments made by the company regarding the fraudulent batteries, and how these

2  misleading statements threatened the health and safety of consumers.

3      129.   Mr. Crosby told Amazon they had thirty days from the letter to correct,

4  repair, or otherwise rectify the violations. Mr. Crosby requested, among other things,

5  that Amazon terminate all listings and cease the sale and marketing of lithium-ion

6  18650 batteries with a stated individual cell capacity of 4000 mAh or more. Amazon

7  ignored Mr. Crosby's Notice to Cure letter.

8      130.   On January 21, 2020 Casselman Law group, representing Mr. Crosby at

9  the time, sent a letter requesting the arbitration of his claims set forth in the Notice to

10  Cure letter. The letter was sent via certified mail to Amazon's registered agent

11  Corporation Service Company, 300 Deschutes Way SW, Suite 304, Tumwater, WA

12  98501. On February 14, 2020 corporate counsel for Amazon responded that they had

13  received the January 21, 2020 letter requesting arbitration and would review. However,

14  Mr. Crosby has yet to receive a response to his request for arbitration.

15      131.   On August 13, 2019, Plaintiff Chris Johnson served on Amazon a Notice

16  to Remedy and Cure their violations of California law via certified mail. Mr. Johnson

17  described in detail more than twenty-five specific products, deceptively advertised and

18  sold by Amazon, each of which contained fraudulent lithium-ion 18650 batteries. He

19  described how the batteries and products containing them, not only fail to perform as

20  advertised, but also pose a high risk of property damage, pain, injury, disfigurement

21  and/or death to consumers, facts well-known by Amazon.

22      132.   Mr. Johnson notified Amazon they had thirty days from the letter to

23  rectify the violations and provide an acceptable remedy or cure. Mr. Johnson

24  requested, among other things, that Amazon cease and desist from making false and

25  fraudulent statements regarding lithium-ion 18650 batteries. Despite proof of delivery

26  of his Notice to Remedy and Cure, Amazon never responded to Mr. Johnson's letter,

27  nor did they stop selling the fraudulent lithium-ion 18650 batteries.

28  / / /

133.   Amazon has further knowledge of the fraudulent, defective, and dangerous nature of the batteries due to thousands of negative reviews and feedback from customers on their website who have purchased the fraudulent batteries.

134.   There are numerous negative reviews for Amazon product "4X 5800mAh Li-ion 18650 3.7V Rechargeable Battery + 2X Smart Charger." On April 5, 2018, Larry Anderson left a one-star review and stated that: "Terrible – Batteries Only Charge to 1/10th of Advertised Capacity. 1 of the 4 batteries does not charge properly. That bad battery drains faster than it charges causing it to never get to the full charged state. The other 3 batteries don't even come close to 5800mAh capacity. After charging, discharging, batteries a 2nd time, 1 battery holds 418mAh, the 2nd battery holds 729mAh, and the 3rd battery holds 686 mAh. Each battery capacity is about 1/10th of the advertised 5800mAh. Shame on me for not reading the reviews before purchasing these batteries. I was definitely charge to much for batteries that don't charge enough!"

135.   There are several negative and one-star reviews for Amazon product "Rextin 18650 BRC Protected Rechargeable Lithium Battery (Pair) 3.7V 4200mAh+ Double 18650 Lithium Battery Charger." For example, on December 17, 2018, Amazon customer Greg left a one-star review and stated: "Careful!!!! My son accidentally put in charger in wrong direction. The charger was not plugged in yet the pack smoked and melted. Luckily, we noticed prior to house burning down."

136.   On May 30, 2019, Craig Crosby left a review for 18650 lithium-ion batteries for sale on Amazon.com, stating that: "Legitimate 18650 batteries have capacities under 3800mAh. Fraudulent batteries have an explosion and fire risk. This is a SCAM. Shame on you Amazon for allowing dangerous and potentially deadly products despite repeated warnings and your own policy prohibiting them."

137.   Further, on December 16, 2019 another negative review was left for lithium-ion batteries sold by Amazon: "These are fraudulent batteries - a scam. Legitimate 18650 batteries are limited to a capacity under 3800mAh. Fraudulent

batteries have an explosion and fire risk. These dangerous and potentially deadly 9800mAh 18650 batteries are a scam."

138. On March 26, 2020, another review was left regarding fraudulent batteries: "These are fraudulent 9900mAh 18650 batteries – it's a SCAM. Legitimate 18650 batteries are limited to capacities under 3800mAh. Fraudulent batteries have an explosion and fire risk. These dangerous and potentially deadly 9900mAh 18650 batteries are a scam."

139. Amazon is also on notice due to previous lawsuits filed against them for injuries caused by fraudulent and defective batteries sold on their website.

140. Allstate Insurance sued Amazon in U.S. District Court in New Jersey, alleging that a battery bought from Amazon caused "extensive" damage to a home, which required the insurance company to make "significant payments" to the insured. The case was eventually dismissed, but both State Farm and General Insurance Company of America are currently suing Amazon due to fires they say were caused by lithium-ion batteries purchased on Amazon.com.[15]

141. In *Carpenter, et al. v. Amazon.com, Inc.*, Case No. 3:17-cv-03221, USDC, Northern District of California (June 5, 2017), Plaintiffs brought claims against Amazon for injuries caused by a hoverboard that burst into flames. Amazon sold the hoverboard to Plaintiffs with substandard and cheaply manufactured lithium-ion batteries that were prone to combustion.

142. Amazon was also sued for a mislabeled and fraudulent battery that caused a fire in a Minnesota man's garage. *Farm Bureau Property & Casualty Insurance Company a/s/o Dane Meyer v. Amazon.com, Inc.*, Case No. 0:20-cv-00756-WMW-TNL (March 19, 2020). The fire was started when the battery combusted in the corner of the garage. The battery caught fire when it was used with an incompatible charger,

---

[15] The Atlantic, Alana Semuels, *When Your Amazon Purchase Explodes, Shoddily made lithium-ion batteries can cause serious injury and even death. How do they keep ending up in consumers' hands?* (April 30, 2019)

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

even though the charger was listed as "compatible" in the product listing on Amazon.com. As a result of the fire, Plaintiff Dane Meyer's garage was destroyed as well as contents of the garage, other personal property and additional areas of his residence. He also required medical services in excess of $75,000.00.

143.   Despite this knowledge, Amazon has been reluctant to take down the defective, fraudulent, and dangerous products and batteries even after being alerted to the problem.

144.   Amazon has even encouraged the sale of lithium-ion batteries on their website and developing their own brand of lithium-ion powered products, like AmazonBasics power banks. Further, many of the products containing defective and fraudulent lithium-ion batteries are sold directly by Amazon Warehouse Deals, Inc., a wholly-owned subsidiary of Amazon.

145.   Each year, the volume and type of lithium-ion 18650 batteries for sale on Amazon.com increases, with Amazon obtaining substantial profits and commissions.

146.   Absent the entry of a public injunction, Amazon will continue to market, sell, and advertise fraudulent lithium-ion 18650 batteries to the detriment of Plaintiffs and the general public.

## VII.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**(Violation of California's False Advertising Law "FAL," California Business and Professions Code Section 17500, *et seq*.)**

**(On behalf of Plaintiffs and the Class)**

147.   Plaintiffs repeat and reallege paragraphs 1-144 as if fully set forth herein.

148.   Plaintiffs bring this action on behalf of themselves and those similarly situated under California's False Advertising Law, California Civil Code § 17500 *et. seq*. ("FAL") for public injunctive relief.

/ / /

/ / /

**CLASS ACTION COMPLAINT**

149.   Cal. Bus. & Prof. Code § 17500 provides:

It is unlawful for any…corporation…with intent…to dispose of…personal property…to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated…from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement…which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading…"

150.   Amazon is a "corporation" under California Business and Professions Code § 17500.

151.   Amazon has committed acts of untrue and misleading advertising, under California Business and Professions Code § 17500, by engaging in the acts and practices described herein with the intent and/or the effect of inducing consumers to purchase fraudulent lithium-ion batteries and/or products containing them.

152.   Amazon falsely advertised to Plaintiffs and the general public that lithium-ion 18650 batteries had a longer battery life and/or safety features, when Amazon knew these claims were false.

153.   Amazon also falsely advertised to Plaintiffs and the general public that the products contained authentic CREE LEDs, were waterproof, or included protection circuits and voltage cutoffs.

154.   Amazon deceived Plaintiffs and the general public by omitting or hiding information regarding the fraudulent, defective, and dangerous nature of the lithium-ion 18650 batteries in its statements to Plaintiffs and other consumers, in its advertising and website, and by falsely implying and/or stating that the batteries had characteristics that they did not.

155.   Amazon misled consumers by making untrue and misleading statements and failing to disclose what is required under the Code as alleged above.

156.   Amazon's misrepresentations and omissions deceive or tend to deceive the general public.

/ / /

157.   The misrepresentations and omissions by Amazon alleged herein were the type of representations and omissions that are regularly considered to be material, i.e. a reasonable person would attach importance to them and would be induced to act on the information in making purchase decisions.

158.   Plaintiffs reasonably relied on Amazon's false advertising in purchasing the fraudulent and defective lithium-ion 18650 batteries and/or products containing the batteries.

159.   Unless restrained by this Court, Amazon will continue to engage in unfair, deceptive, and unlawful conduct, as alleged above, in violation of California Business and Professions Code § 17500 *et seq*., harming Plaintiffs and the general public.

160.   As a result of the foregoing, Plaintiffs and the general public are entitled to permanent injunctive relief.

161.   The balance of the equities favors the entry of permanent injunctive relief against Amazon. The general public will be irreparably harmed absent the entry of permanent injunctive relief against Amazon. The general public lacks an adequate remedy at law, especially given Amazon's unilateral imposition of binding arbitration agreements on its consumers, preventing meaningful litigation over individual fraudulent product sales.  An injunction against Amazon is in the public interest. Amazon's unlawful behavior is likely to reoccur absent the entry of an injunction.

## SECOND CAUSE OF ACTION

### (Violation of California's Consumer Legal Remedies Act "CLRA," Section 1750, *et seq*.)

### (On behalf of Plaintiffs and the Class)

162.   Plaintiffs repeat and reallege paragraphs 1-144 as if fully set forth herein.

163.   Plaintiffs bring this action on behalf of themselves and those similarly situated under the Consumer Legal Remedies Act, California Civil Code § 1750 *et. seq*. ("CLRA") for public injunctive relief.

/ / /

164.    Plaintiffs and each member of the proposed Class are "consumers," as defined by California Civil Code § 1761(d).

165.    Amazon is a "person," as defined by California Civil Code § 1761(c).

166.    The lithium-ion 18650 batteries and products containing them sold, marketed, and advertised by Amazon are "goods" as defined by California Civil Code § 1761(a).

167.    Plaintiffs' purchases of Amazon's lithium-ion 18650 batteries or products containing the batteries constitute "transactions," as defined by California Civil Code § 1761(e).

168.    Amazon misled and continues to mislead, Plaintiffs and the general public to believe that lithium-ion 18650 batteries had certain characteristics or qualities, when Amazon knows this information to be untrue.

169.    Amazon misled, and continues to mislead, Plaintiffs and the general public by promising that the lithium-ion 18650 batteries have longer lasting battery capacity and/or safety features, when in fact Amazon knows this information is false.

170.    Amazon also misled, and continues to mislead, Plaintiffs and the general public by promising and advertising that Amazon products contain authentic CREE LEDs, when in fact Amazon knows this information is false.

171.    Amazon also misled, and continues to mislead, Plaintiffs and the general public by promising and advertising that Amazon products are waterproof, and/or contain protection circuits and voltage cutoffs when they do not.

172.    Amazon intentionally deceived Plaintiffs and the general public by advertising and promising that lithium-ion 18650 batteries had longer lasting battery capacity and/or safety features, when Amazon knew this information was false and the batteries actually posed significant dangers to Plaintiffs and consumers.

/ / /

/ / /

/ / /

173.   Amazon violated, and continues to violate, the CLRA by engaging in the follow practices proscribed by California Civil Code § 1770(a):

- Amazon passed off goods or services as those of another. Cal. Civ. Code § 1770(a)(1)

- Amazon misrepresented the source or certification of goods. Cal. Civ. Code § 1770(a)(2)

- Amazon misrepresented the affiliation, connection, or association with, or certification by, another. Cal. Civ. Code § 1770(a)(3)

- Amazon misrepresented that its goods had characteristics, benefits, or uses that they did not have. Cal. Civ. Code § 1770(a)(5)

- Amazon represented that goods were original or new if they have deteriorated unreasonably or are altered, reconditioned, reclaimed, used, or secondhand. Cal. Civ. Code § 1770(a)(6)

- Amazon advertised that its products were of a particular standard, quality, or grade when they were of another. Cal. Civ. Code § 1770(a)(7)

- Amazon advertised its products with an intent not to sell them as advertised. Cal. Civ. Code § 1770(a)(9)

- Amazon made false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions. Cal. Civ. Code § 1770(a)(13)

174.   Amazon's misrepresentations and nondisclosures regarding battery capacity, safety features, and the dangerous nature of fraudulent lithium-ion 18650 batteries were material to Plaintiffs, because Plaintiffs and a reasonable person would have considered them important in deciding whether to purchase the batteries.

175.   Amazon had a duty to disclose these aforementioned facts, which could have been reasonably communicated to Plaintiffs and Class members. Amazon had knowledge of these facts and choose to conceal this information from Plaintiff and the Class.

176.   Plaintiffs reasonably relied upon Amazon's material misrepresentations and nondisclosures, and had they known these undisclosed material facts they would have attached importance to them in determining whether to purchase the batteries and other products.

177.   Had Plaintiffs known of the material facts that were not disclosed they would have considered purchasing batteries from a place other than Amazon.

178.   Amazon made false, fraudulent and deceptive promises and commitments to deliver obvious fraudulent batteries and products that threaten the health and safety of Plaintiffs and the general public, while enjoying ongoing profits from the fraudulent batteries sold.

179.   Pursuant to § 1782(a) of the CLRA, Amazon has received Plaintiffs' proper notice of such CLRA violations. On or about March 26, 2019, Plaintiff Craig Crosby sent a Notice to Cure letter to Amazon via certified mail to Amazon's principal place of business. Mr. Crosby described in the letter Amazon's violations of the Consumer Legal Remedies Act and demanded that it rectify the problems detailed above. Amazon failed to respond to the letter. He demanded that Amazon rectify its above-described misconduct. In January 2020, Plaintiff Craig Crosby sent another letter to Amazon at their principal place of business, requesting arbitration of his claims contained in the Notice to Cure letter.

180.   On or about August 8, 2019, Plaintiff Chris Johnson served on Amazon a Notice to Remedy and Cure their violations of California law via certified mail. Mr. Johnson described in detail more than twenty-five specific products, deceptively advertised and sold by Amazon, each of which contained fraudulent lithium-ion 18650 batteries. Mr. Johnson requested, among other things, that Amazon cease and desist from making false and fraudulent statements regarding lithium-ion 18650 batteries.

181.   As a direct and proximate result of the misleading and deceptive marketing practices by Amazon in their presentation, advertisement, and sale of the batteries and other products, Plaintiffs and Class members suffered injury.

182.   Unless restrained by this Court, Amazon will continue to engage in unfair, deceptive, and unlawful conduct, as alleged above, in violation of California Civil Code § 1750 *et seq.*, harming Plaintiffs and the general public.

183.   As a result of the foregoing, Plaintiffs and the general public are entitled to permanent injunctive relief.

184.   The balance of the equities favors the entry of permanent injunctive relief against Amazon. The general public will be irreparably harmed absent the entry of permanent injunctive relief against Amazon. The general public lacks an adequate remedy at law, especially given Amazon's unilateral imposition of binding arbitration agreements on its consumers, preventing meaningful litigation over individual fraudulent product sales. An injunction against Amazon is in the public interest. Amazon's unlawful behavior is likely to reoccur absent the entry of an injunction.

### THIRD CAUSE OF ACTION

**(Violation of California's Unfair Competition Law "UCL," California Business and Professions Code Section 17200, *et seq.*)**

**(On behalf of Plaintiffs and the Class)**

185.   Plaintiffs repeat and reallege paragraphs 1-182 above as if fully set forth herein.

186.   Plaintiffs seek public injunctive relief pursuant to California Business and Professions Code § 17200 *et. seq.* ("UCL") which prohibits any "unlawful, unfair or fraudulent business act or practice."

187.   Plaintiffs and Class members purchased lithium-ion batteries and lost money, property, or suffered injury, as a result of Amazon's unlawful, unfair, *or* fraudulent conduct.

***Unlawful Conduct***

188.   As described above, Amazon violated applicable law by causing lithium-ion batteries to be marketed and sold to Plaintiffs and Class members which were fraudulent, defective, and dangerous, and failed to disclose their fraudulent and

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

dangerous nature, and misrepresented, promised and asserted false claims regarding their alleged battery capacity and safety features at the time of purchase and thereafter.

189.   Amazon's conduct constitutes an unlawful business act or practice in violation of California Business and Professions Code § 17200 *et seq.*

***Unfair Conduct***

190.   Amazon engaged in "unfair" business acts or practices by selling lithium-ion batteries and products containing the batteries that were fraudulent, defective, and dangerous to Plaintiffs and consumers.

191.   Amazon further engaged in "unfair" business acts or practices by their marketing and advertisement of the lithium-ion batteries. Amazon knew that the product descriptions and statements regarding the lithium-ion batteries and products containing them were false and misleading but failed to disclose its knowledge of the defects and continued to sell the batteries. Amazon's misconduct offends public policy and is immoral, dishonest, unethical and offensive, and causes substantial injury to consumers.

192.   Amazon's unlawful and unfair business acts and practices present a continuing threat to Plaintiffs, Class members and the general public in that Amazon has refused to publicly acknowledge the fraudulent and defective nature of the batteries and/or correct its wrongdoing.

***Fraudulent Conduct***

193.   A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.

194.   Amazon's acts and practices alleged above constitute fraudulent business acts or practices as they have deceived Plaintiffs and are highly likely to deceive members of the consuming public. Plaintiffs relied on Amazon's fraudulent and deceptive representations regarding the alleged capacity and safety features of lithium-ion batteries and products which Amazon sells on their website Amazon.com.

195.   These misrepresentations played a substantial role in Plaintiffs' decision to purchase the batteries and or products containing them, and Plaintiffs would not have purchased the batteries or products without Amazon's misrepresentations.

***Misrepresentations and Omissions***

196.   Alternatively, Amazon in connection with its advertising, marketing, and sale of lithium-ion batteries to Plaintiffs and the Class members, through its product listings and descriptions implemented a business practice of conveying misleading information on the characteristics of lithium-ion 18650 batteries and products containing them.

197.   The misrepresentations and omissions by Amazon alleged herein, were the type of misrepresentations and omissions that are regularly considered to be material, i.e., a reasonable person would attach importance to them and would be induced to act on the information in making purchase decisions.

198.   Plaintiffs reasonably relied upon Amazon's material misrepresentations and omissions in purchasing the lithium-ion 18650 batteries and products containing the batteries.

199.   Unless restrained by this Court, Amazon will continue to engage in unfair, deceptive, and unlawful conduct, as alleged above, in violation of California Business and Professions Code § 17200 *et. seq.*, harming Plaintiffs, Class members, and the general public.

200.   As a result of the foregoing, Plaintiffs and the general public are entitled to permanent injunctive relief.

201.   The balance of the equities favors the entry of permanent injunctive relief against Amazon. The general public will be irreparably harmed absent the entry of permanent injunctive relief against Amazon. The general public lacks an adequate remedy at law, especially given Amazon's unilateral imposition of binding arbitration agreements on its consumers, preventing meaningful litigation over individual

1    fraudulent product sales. An injunction against Amazon is in the public interest.

2    Amazon's unlawful behavior is likely to reoccur absent the entry of an injunction.

3                          **FOURTH CAUSE OF ACTION**

4              **(Violation Of The Washington Consumer Protection Act,**

5              **RCW Section 19.86.010 *et seq*., Stated In The Alternative)**

6                              **(In the Alternative)**

7                      **(On behalf of Plaintiffs and the Class)**

8         202.   Plaintiffs incorporate the allegations in paragraphs 1-144 above as set

9    forth herein in full.

10        203.   California consumer protection statutes apply to the claims of Plaintiffs

11   and Class members.

12        204.   However, as the Terms of Service purport to require the application of

13   Washington law, Plaintiffs allege the following alternative cause of action under the

14   laws of the State of Washington, if it is later determined by this Court that the choice

15   of law provision in Amazon's Terms of Use Agreement stands and Washington law

16   applies.

17        205.   Under the Washington Consumer Protection Act, an out-of-state plaintiff

18   may bring a claim under the Washington Consumer Protection Act against a

19   Washington corporate defendant for deceptive acts.

20        206.   Amazon's above-described conduct in failing to disclose and concealing

21   the fraudulent, defective and dangerous nature of lithium-ion batteries sold on their

22   website constitutes an unfair trade practice, and unfair and deceptive acts and

23   practices, within the meaning of the Washington Consumer Protection Act, RCW

24   19.86 *et. seq*.

25        207.   The Washington Consumer Protection Act applies to the actions at issue

26   herein because Plaintiffs are "consumers" and Amazon is a "business."

27        208.   The conduct complained of herein occurred in the course of trade or

28   commerce.

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY, LLP

**CLASS ACTION COMPLAINT**                                                41

209.   Amazon's above-described conduct affects the public interest because it affected and injured or had the capacity to injure numerous Amazon customers. The conduct complained of is capable of repetition and will likely affect other consumers.

210.   As a result of Amazon's above-described unfair and deceptive conduct, Plaintiffs and the Class members were damaged by the wrongful acts and practices of Amazon.

211.   Defendant's actions illustrate why a permanent injunction is necessary to protect Plaintiffs and the general public from similar unfair and unconscionable treatment.

212.   The balance of the equities favors the entry of permanent injunctive relief against Amazon. The general public will be irreparably harmed absent the entry of permanent injunctive relief against Amazon. The general public lacks an adequate remedy at law, especially given Amazon's unilateral imposition of binding arbitration agreements on its consumers, preventing meaningful litigation over individual fraudulent product sales. An injunction against Amazon is in the public interest. Amazon's unlawful behavior is likely to reoccur absent the entry of an injunction.

## VIII.   **PRAYER FOR RELIEF**

213.   WHEREFORE, Plaintiffs demand judgment in their favor and in favor of the Class members for:

A. An Order certifying that Plaintiffs and the proposed Class members constitute a single class and designating the action as a Class Action pursuant to Federal Rule of Civil Procedure 23;

B. Appointment of Plaintiffs as class representatives and payment of compensation as representatives if the Court deems appropriate;

C. Appointment of the attorneys below as Class counsel; and

D. Declaration that Amazon has violated the applicable laws as set forth above;

E. Award permanent public injunctive relief against Amazon;

1

F.  Award reasonable attorney's fees and costs; and

2

G. Provide such other and further relief the Court deems just and proper.

3

4

Dated:  September 1, 2020          **COTCHETT, PITRE & McCARTHY, LLP**

5

By:___*/s/ Eric J. Buescher*_____

6

NIALL P. McCARTHY
ERIC J. BUESCHER

7

KELSEY J. MOE

8

*Attorneys for Plaintiffs*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IX.    <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs hereby demand a jury trial on all issues so triable.

Dated:  September 1, 2020          **COTCHETT, PITRE & McCARTHY, LLP**

By:   */s/ Eric J. Buescher*
          NIALL P. McCARTHY
          ERIC J. BUESCHER
          KELSEY J. MOE

*Attorneys for Plaintiffs*